UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Mianna C. Forrester,

        Plaintiff,

vs.

Metropolitan Life Insurance Company;
and Raytheon Company,

        Defendants.

Case No. 04-1204JTM

**MEMORANDUM IN SUPPORT
OF
MOTION TO COMPEL DISCOVERY**

Plaintiff submits this memorandum in support of her motion to compel

certain discovery of defendant Metropolitan Life Insurance Company (Metlife).

**BACKGROUND**

This is an ERISA case involving long-term disability benefits. The thrust of

Ms. Forrester' case is that Metlife did not follow the proper procedures in reaching

its denial.  As a result of these improper procedures, Ms. Forrester has been denied

a full and fair hearing. Through discovery requests, Ms. Forrester seeks to establish

certain details of the procedures used by Metlife and to confirm that Metlife used evidence in reaching its denial that it did not produce for Ms. Forrester,  until after this lawsuit was filed. Metlife now seeks, by resisting discovery, to exclude from this court's review its administrative procedures.

Plaintiff has timely submitted discovery requests to Metlife relating to procedures used by Metlife in reaching its denial of plaintiff's claim.  None of the discovery requests relate to the merits of plaintiff's disability claim.  Metlife has objected to all of plaintiff's 45 requests for admission and one of plaintiff's two interrogatories.

## FACTS

1.  Metlife issued the Plan, under which plaintiff claims disability benefits. [Answer,  ¶2]

2.  Metlife made the decision to deny benefits to plaintiff.  [Letter dated May 28, 2004; Exhibit 1]

3.  Plaintiff contends that Metlife did not provide her with a copy of any evidence considered by Metlife in reviewing her long-term disability application. [Complaint ¶9]  Metlife denies this allegation.  [Answer ¶9]

4.  Plaintiff contends that Metlife relied upon the opinions of medical experts in reaching its denial without providing such opinions to plaintiff nor providing an opportunity for plaintiff to provide rebuttal to those opinions.  [Complaint ¶9]  Metlife denies these allegations.  [Answer ¶9]

5.  The discovery requests submitted by plaintiff and Metlife's response to those discovery requests are attached as Exhibit 2.

6.  Plaintiff's Certificate of Compliance with respect to this motion is attached as Exhibit 3.

## ARGUMENT AND AUTHORITIES

1.  Discovery Beyond the Administrative Record, Which Concerns Procedures, Is Appropriate

Ms. Forrester contends that there is an inherent conflict of interest because Metlife is both the insurer and the claims administrator of the plan, and there is a serious procedural irregularity because Metlife did not provide an opportunity for Ms. Forrester to address all of the evidence it considered in reaching its denial. Because a plaintiff has the burden to establish a serious procedural irregularity, and where such irregularity may be outside the administrative record, discovery is appropriate.

> When the plan administrator operates under either (1) an inherent conflict of interest, Kennedy, Judicial Standard, 50 Am. U.L. Rev. at 1173; see also Pitman, 217 F.3d at 1296 n.4 (noting that "as both insurer and administrator of the plan, there is an inherent conflict of interest between its discretion in paying claims and its need to stay financially sound"); (2) a proven conflict of interest; or (3) when a serious procedural irregularity exists and the plan administrator has denied coverage, an additional reduction in deference is appropriate.

*Fought v. UNUM Life Insurance Company of America*, No. 02-2176, p. 8 (10th Cir. Aug. 13, 2004)

In this Court, Magistrate Rushfelt in *Caldwell v. Life Ins. Co. of North America*, 165 F.R.D. 633 (D.Kan. 1996) addressed the scope of discovery in an ERISA case. Magistrate Rushfelt relied on an opinion by District Judge Rogers in *Shaw v. Mutual Benefit Life Ins. Co.*, No. 89-461, unpublished op. (D.Kan. Mar. 29, 1991),

> That the trial court may only review the evidence before the administrator when it denied benefits does not, however, necessarily preclude all discovery. It necessarily only precludes discovery on issues related to the merits of the claim for benefits. A plaintiff may be "entitled to discovery to determine whether the fiduciary or administrator fulfilled his fiduciary role in obtaining the necessary information in order to make his determination, whether the persons who assisted in complying the record followed the proper procedure as well as, whether the record is complete."

*Caldwell* at 637.

---

Ms. Forrester raises similar arguments to those in *Caldwell* as to whether Metlife fulfilled its fiduciary duty to obtain information necessary to make its determination to deny benefits, when it did not obtain rebuttal comments from claimant to Metlife's medical experts; whether Metlife followed proper procedures in reviewing and denying Ms. Forrester' claim when it did not provide an opportunity for her to respond to all of the evidence considered by Metlife; and whether Metlife's administrative record is complete without Ms. Forrester's comment to the opinions of experts selected by Metlife. *Caldwell* holds that, "As a general principal, a party may pursue discovery on such issues in ERISA action." *Caldwell* at 638.

A review of plaintiff's discovery requests indicates they are all directed to the procedures used by Metlife in reaching its denial as well as to determine that the administrative record is complete.

2.  Metlife's Review Is Not in Compliance With 29 C.F.R. §2560.503-1(h)(3)

Plaintiff contends that Metlife failed to provide her a full and fair hearing. In addition to the cases cited in part 1, above, this regulation provides the minimum requirements for a full and fair hearing, including:

> (2)  Full and fair review.  Except as provided in paragraphs (h)(3) and (h)(4) of this section, *the claims procedures* of a plan will not be deemed to provide a claimant with a reasonable opportunity for a full and fair

review of a claim and adverse benefit determination
unless the claims procedure - -
29 C.F.R. §2560.503-1(h)(2) (emphasis added)
.  .  .  .

(iii)  Provide that a claimant shall be provided, upon
request and free of charge, reasonable access to, and
copies of, all documents, records, and other information
relevant to the claimant's claim for benefits.  Whether a
document, record, or other information is relevant to a
claim for benefits shall be determined by reference to
paragraph (m)(8) of this section
29 C.F.R. §2560.503-1(h)(2)(iii)

(8)  A document, record, or other information shall be
considered "relevant" to a claimant's claim if such
document, record, or other information
(i)  Was relied upon in making the benefits
determination;
(ii)  Was submitted, considered, or generated in the
course of making the benefit determination, without
regard to whether such document, record, or other
information was relied upon in making the benefit
determination  .  .  .  .
29 C.F.R. §2560.503-1(m)(8)(i) and (ii)

Because Metlife indicates in its denial letter (Exh. 1) that consultant doctor's

reports were generated in the course of its review of plaintiff's claim, these

documents are relevant in the ERISA context.

For Ms. Forrester to have a reasonable opportunity for a full and fair review

of Metlife's denial, this regulation provides that she must be provided, or have

reasonable access to, all of the documents which Metlife considered in "making the benefit determination."

Because the "claims procedure" was completed when Metlife announced its final decision on May 28, 2004, all of the "claims procedure" occurred prior to that final decision.

Thus, for Ms. Forrester to have had a full and fair hearing by the requirements of this regulation, Metlife would have an obligation to provide her with copies of the reports, from the consulting physicians, which it relied upon, prior to reaching its final decision.  To be a part of the "claims procedure," Metlife would have needed to provide those reports prior to its final decision, and for meaningful disclosure, such production would need to have been made to permit Ms. Forrester sufficient time to respond and for Metlife to consider such response.

The discovery to which Metlife has objected, is directed to establishing that the regulatory scheme of this regulation and case law mandates were not followed in providing relevant documents to plaintiff during the course of the claims procedure.

3.  Plaintiff's Discovery Requests Are Relevant

All of plaintiff's requests for admission seek to establish whether Metlife obtained and relied upon specific evidence, and that it did not provide such

evidence to plaintiff prior to its denial.  These facts, if confirmed, could establish a prima facie noncompliance with the requirements for a full and fair hearing.

Subparts a and b of plaintiff's interrogatory No. 1 seeks to obtain what information, if any, Metlife would rely upon to deny any of plaintiff's first 24 requests for admission.  Because the requests for admission are proper, the follow-up for identification of the supporting evidence is also proper.

Subpart c of plaintiff's interrogatory No. 1 seeks information concerning compliance by Metlife to Fed. R. Civ. P. 36(a), which imposes a duty on an answering party when that party's response is lack of information or knowledge.

4.  Plaintiff Is Entitled to Discovery to Prove Facts Denied by Metlife

Metlife denies that it relied upon the opinions of medical experts in reaching its denial without providing such opinions to plaintiff or providing an opportunity to provide rebuttal to those opinions.  [Facts, ¶4]

Metlife's final denial dated May 28, 2004 states that it received opinions from physicians it engaged, including Dr. Tracy Schmidt [Exh. 1, p. 1], Dr. Lee Becker [Exh. 1, p. 4], Dr. Simmonds [Exh. 1, p. 4], Dr. John Rodgers [Exh. 1, p. 3], and Dr. Mark Burns [Exh. 1, pg. 3].

Metlife apparently submitted some of the opinions of its experts to one or more of plaintiff's treating physicians.  "In our continued review, a Nurse

Consultant recommended that the report from the Independent Physician Consultant be submitted to Dr. Garner's [one of plaintiff's treating physicians] office for his review and comments." [Exh. 1, p. 1]

The inconsistencies in Metlife's pleadings and the administrative record, on the material issue of the procedure it used to reach its denial, are relevant and are the subject of plaintiff's discovery. If Metlife did not rely on certain consulting physicians, no weight should be given to such opinions, by this court in determining whether Metlife's decision should be affirmed. If Metlife relied upon such opinions, plaintiff would show that Metlife did not provide a full and fair hearing on her claim.

5. Metlife's General Objections to Requests for Admission

Metlife objects on the ground that the requested discovery is "not imposed by the Federal Rules of Civil Procedure and the District of Kansas Rules." Plaintiff's response is shown in the above paragraphs directed to the scope of discovery in ERISA cases.

Metlife also asserts a general objection that the "the requests are unduly burdensome and oppressive in that there are 45 requests for admissions." Metlife doesn't provide any information as to why these requests are burdensome and oppressive, other than the quantity of 45. Metlife has

> not shown that any heavy expenditures of time, effort or
> money would be necessary to answer the interrogatories
> or that any burden or expense is unreasonable in light of
> the benefits to be secured from the discovery.

*Hammond v. Lowe's Home Centers, Inc.*, 216 F.R.D. 666 (D. Kan. 2003)

Metlife has failed to carry its evidentiary burden of showing that plaintiff's requests for admission would be unduly burdensome.

## CONCLUSION

If Metlife's objections to plaintiff's discovery requests are sustained, Ms. Forrester's ability to establish she has not had a full and fair hearing will be impaired. All of her requested discovery is relevant to the issues of the procedures used by Metlife and to the completeness of the administrative record. The evidence which might be produced from such discovery is relevant because it would relate to the fiduciary duties of Metlife, but not whether Ms. Forrester meets the criteria in the policy for disability.

s/Jack Shelton
Jack Shelton
KS Sup. Ct. No. 7791
Martin E. Updegraff
KS Sup. Ct. No. 5754
Attorneys for Plaintiff
608 N. Broadway
Wichita, KS 67214
Telephone: (316)265-5553
Fax: (316)265-9534
Email: sheltonjacklaw@msn.com

## CERTIFICATE OF SERVICE

I certify that on November 19, 2004, I electronically filed the foregoing with

the clerk of the court by using the CM/ECF system which will send a notice of

electronic filing to the following:  Ann E. Buckley and Karrie J. Clinkinbeard

s/Jack Shelton
Jack Shelton
KS Sup. Ct. No. 7791
Attorney for Plaintiff
608 N. Broadway
Wichita, KS 67214
Telephone: (316)265-5553
Fax: (316)265-9534
E-mail: sheltonjacklaw@msn.com