9. Do you admit that the expert medical opinion of J. W. Rodgers, M.D., dated May 5, 2004 was a factor in your decision to deny plaintiff's claim for disability benefits?

MetLife objects to this request for admission, because in this ERISA-governed action, discovery is limited to MetLife's production of the administrative record and, if the administrative record appears to be incomplete, such discovery as may be necessary to determine whether the administrative record is complete. Any other discovery seeks information not relevant to the issues in this case, and is not reasonably calculated to lead to the discovery of admissible evidence. MetLife has produced the complete claim file to Plaintiff's counsel, and this request seeks information that is irrelevant and immaterial and seeks information outside the permissible scope of discovery in an ERISA-governed action. In addition, MetLife objects to the request for the further reason that it is vague and subject to multiple interpretations and that the administrative record, previously produced, speaks for itself.

10. Do you admit that you did not provide a copy of J. W. Rodgers, M.D.'s medical report dated May 5, 2004 to plaintiff until after this lawsuit was filed?

MetLife objects to this request for admission, because in this ERISA-governed action, discovery is limited to MetLife's production of the administrative record and, if the administrative record appears to be incomplete, such discovery as may be necessary to determine whether the administrative record is complete. Any other discovery seeks information not relevant to the issues in this case, and is not reasonably calculated to lead to the discovery of admissible evidence. MetLife has produced the complete claim file to Plaintiff's counsel, and this request seeks information that is irrelevant and immaterial and seeks information outside the permissible scope of discovery in an ERISA-governed action. In addition, MetLife objects to the request for the further reason that it is vague and subject to multiple interpretations and that the administrative record, previously produced, speaks for itself.

Forrester Exh. 2

6