(c) In the event you claim that, after making reasonable inquiry, you are unable to admit or deny the requested admission, state in detail all efforts made to investigate the truth or falsity of the requested admission.

ANSWER: MetLife objects to this interrogatory, because in this ERISA-governed action, discovery is limited to MetLife's production of the administrative record and, if the administrative record appears to be incomplete, such discovery as may be necessary to determine whether the administrative record is complete. Any other discovery seeks information not relevant to the issues in this case, and is not reasonably calculated to lead to the discovery of admissible evidence. MetLife has produced the complete claim file to Plaintiff's counsel, and this interrogatory seeks information that is irrelevant and immaterial and seeks information outside the permissible scope of discovery in an ERISA-governed action. In addition, MetLife objects to this interrogatory for the reason that it is unduly burdensome and oppressive in that it seeks detailed information, including "each and every fact" and "the identity of every document," with respect to 45 requests for admission, which seek information that is not relevant to the issues in this case and reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 2.**

Identify all documents in the administrative record of which you have knowledge or which are within your custody or control, which were not included in the documents you produced as initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1).

ANSWER: None.