IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MIANNA C. FORRESTER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 04-1204-JTM |
| ) | |
| **METROPOLITAN LIFE INSURANCE** ) | |
| **COMPANY and RAYTHEON COMPANY,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## MEMORANDUM AND ORDER

This ERISA action is before the court on plaintiff's motion to compel discovery. (Doc. 16). Specifically, plaintiff seeks an order compelling Metropolitan Life Insurance Company ("MetLife") to (1) properly respond to her requests for admissions and (2) answer one interrogatory. MetLife opposes the motion, arguing (1) plaintiff is not entitled to discovery beyond the administrative record which has been produced, (2) the discovery is unduly/absurdly burdensome, and (3) plaintiff 's interpretation of ERISA regulations is incorrect. For the reasons stated below, plaintiff's motion shall be GRANTED.

### Background

This lawsuit involves issued related to a long-term disability benefit plan (the "Plan") provided to Raytheon employees. The disability benefits are provided through a group

insurance policy issued by MetLife to Raytheon. Raytheon is the Plan administrator and MetLife is a Plan fiduciary with delegated authority to determine eligibility for long-term disability benefits.

Highly summarized, plaintiff alleges that she is disabled and eligible for long-term disability payments which MetLife refuses to pay. However, this case differs from the typical ERISA case in that plaintiff directly attacks the *procedures* followed by MetLife in evaluating her claim. Plaintiff alleges that she "requested MetLife to provide her with a copy of any evidence considered by MetLife in reviewing her [long-term disability] application, before reaching its decision" and that MetLife failed to provide the evidence. Specifically, she contends that "MetLife relied upon the opinions of medical experts in reaching its denial without providing such opinions to plaintiff nor providing an opportunity to provide rebuttal to those opinions."

Plaintiff alleges that MetLife failed in its duty to provide a full and fair review and asks that the court find she is eligible for long-term disability benefits under the Plan. In the alternative, plaintiff asks that the court to remand the matter for further evidentiary hearings.

## Motion to Compel

As noted above, plaintiff contends that serious procedural irregularities related to the denial of her claim occurred because MetLife did not provide her an opportunity to address all of the evidence it considered before denying plaintiff's claim for benefits. Because plaintiff carries the burden of showing "procedural irregularities" and the facts establishing

such "irregularities" might be outside the administrative record, plaintiff issued 45 Requests for Admission to determine whether there were any facts in dispute. Plaintiff also served an interrogatory seeking the factual basis for MetLife's denial of any Request for Admission.[1] Defendant objected to answering the Requests for Admission and interrogatory and plaintiff moves to compel. The parties' arguments are discussed in greater detail below.

## Analysis

### 1. The Administrative Record

MetLife asserts that the Plan grants discretionary authority to the plan administrator to determine whether plaintiff qualifies for long-term disability benefits. Because the administrator has discretion to interpret the plan, the court must determine whether the administrator acted arbitrarily and capriciously in denying benefits. MetLife contends that under the "arbitrary and capricious" standard, federal courts are limited to the administrative record. Kaus v. Standard Life Ins., 176 F. Supp. 2d 1193, 1199 (D. Kan. 2001).

Although the court is *generally* limited to a review of the administrative record, there are well recognized exceptions. For example, in Caldwell v. Life Ins. Co. v. North America, 165 F.R.D. 633 (D. Kan. 1996) Judge Rushfelt noted that plaintiff is generally limited to the evidence in the administrative record but added:

---

[1] Plaintiff also served an interrogatory to determine whether there were any other documents in the administrative record beyond those produced in MetLife's Fed. R. Civ. P. 26(a)(1) initial disclosures. MetLife responded "none" and this interrogatory is not in controversy.

-3-

> [t]hat the trial court may only review the evidence before the administrator when it denied benefits does not, however, necessarily preclude all discovery. It necessarily only precludes discovery on issues related to the merits of the claim for benefits. A plaintiff may be entitled to discovery to determine *[1] whether the fiduciary or administrator fulfilled his fiduciary role in obtaining the necessary information in order to make his determination, [2] whether the persons who assisted in compiling the record followed the proper procedure, as well as, [3] whether the record is complete.*

Id. (Emphasis added, internal quotation marks and citations omitted). Courts have also recognized that discovery may be appropriate to determine whether (1) the plan administrator had a conflict when determining benefits or (2) there were other procedural irregularities. Cf. Spangler v. Unum Life Ins. Co. of America, 38 F. Supp. 2d 952 (discovery unnecessary where conflict apparent on face of administrative record).[2]

MetLife argues that plaintiff's reliance on Caldwell is misguided and that discovery, if permitted, is limited to the issue of whether the administrative record is complete. The court rejects MetLife's narrow view of "procedural irregularities." While the completeness of the administrative record is one of the matters for which discovery may be allowed, it is not the *only* procedural irregularity for which discovery is permitted. For example, discovery may be permitted concerning a plan administrator's failure to comply with provisions in the Plan for investigating claims. See, e.g., Gaither v. Aetna Life Ins. Co., 394 F. 3d 792 (10th Cir. 2004)(plan fiduciaries "cannot shut their eyes to readily available information" possessed by

---

[2] MetLife concedes that it has an inherent conflict of interest because MetLife is both the insurer and claims administrator. MetLife's Response, Doc. 22, p. 4. Because the existence of an inherent conflict is undisputed, discovery related to such a conflict is unnecessary.

employer).

Because plaintiff directly challenges what she contends are *procedural irregularities* in the review of her claim, the court rejects MetLife's blanket assertion that no discovery is permitted beyond production of the administrative record.

**2. Unduly and/or Absurdly Burdensome**

MetLife contends that the 45 Requests for Admission are unduly burdensome and it has produced the administrative record "which provides all of the information plaintiff seeks." (Doc. 22, p. 5). MetLife also argues that answering the interrogatory is *absurdly* burdensome. However, aside from complaining about being asked to answer 45 Requests for Admissions and an interrogatory, MetLife offers no evidence of the "burden" associated with providing discovery responses. Because MetLife fails to make any showing of burden, its objections are summarily rejected.[3]

MetLife also argues "plaintiff can just as easily answer them by referring to the

---

[3]

On the surface, the Requests for Admission do not appear unduly burdensome. For example, No. 3 asks:

> Do you admit that Bettina B. Kilburn, M.D., provided an expert medical opinion to you dated August 28, 2003, concerning plaintiff's medical condition?

There is no apparent reason why this request would require more that a few minutes of MetLife's time to review the administrative record. It appears that MetLife may have spent more time objecting and opposing this motion than might have been spent admitting or denying the Requests for Admission.

–5–

administrative record." This argument is also rejected because the issue of whether plaintiff might be able to search through documents is irrelevant to the question of whether MetLife should admit or deny a particular Request for Admission. Requests for Admissions are permitted to determine whether controverted factual issues exist in a particular case and are, in a sense, requests for stipulations.[4] Stipulations of fact are viewed with favor and MetLife's vague reference to the administrative record is not an appropriate response.

MetLife's assertion that answering the interrogatory is <u>absurdly</u> burdensome is premature and rejected without prejudice. The interrogatory only asks for an explanation of MetLife's denial of any Request for Admission. Because MetLife has yet to deny any Request for Admission, the burden associated with answering the interrogatory is unknown.

---

[4] MetLife's reluctance to answer the Requests for Admission is puzzling. At some point in this case, the parties will be required to set out the "uncontroverted" facts. The Requests for Admission facilitate this process.

### 3. ERISA Regulations

MetLife argues that plaintiff's interpretation of regulations related to a plan administrator's duty to disclose documents (29 C.F.R. § 2560.503-1(h) & (j)) is incorrect. Unfortunately, this argument goes to the merits of this lawsuit and the issue should not be resolved in the context of a motion to compel. The parties must first develop the factual events, either through stipulations or citation to the administrative record, and then file an appropriate dispositive motion.

**IT IS THEREFORE ORDERED** that plaintiff's motion to compel **(Doc. 16)** is **GRANTED.** Defendant shall admit or deny the Requests for Admissions by **March 31, 2005.** If defendant denies any Request for Admission, the parties shall confer concerning any additional response to Interrogatory No. 1 before refiling any motion to compel.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 22nd day of March 2005.

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge